Robert H. SEMON, Appellant,

v.

MUSICIANS PROTECTIVE ASS'N, LOCAL
466, A. F. of M., El Paso, Texas,
Appellee.

No. 5059.

Court of Civil Appeals of Texas.

El Paso.

Nov. 3, 1954.

William E. Ward, El Paso, for appellant.

Mullinax & Wells, Dallas, for appellee.

McGILL, Justice.

This suit is a sequence to case No. 70170 in the trial court, No. 4898 in this court, in which appellant was plaintiff and appellee defendant. The opinion of this court disposing of case No. 70170 is reported in 254 S.W.2d page 211 et seq. A writ of error was refused by the Supreme Court in this case. In the present suit appellant seeks to recover additional damages to those awarded him in case No. 70170 by reason of his having been wrongfully expelled from membership in the defendant union. He alleges that the damages awarded him in that suit were based upon the time of his ouster up to February 1952, the date of that trial, and that defendant has continued from that date to deprive him of his right to work in concerts and appear professionally as a professional musician. In its amended motion to dismiss defendant alleged that plaintiff's petition fails to state a cause of action because the alleged facts upon which the petition is based were litigated or could have been litigated in cause No. 70170, and plaintiff is barred or estopped from basing a new cause of action on such facts, and further because the petition fails to allege that since the date of the trial in cause No. 70170 plaintiff has sought membership in the union, or that defendant has deprived him of membership therein; and fails to allege that plaintiff sought employment or that he was refused employment during the period for which he sought damages because of his expulsion from the union.

Plaintiff was afforded a hearing on the motion to dismiss in which his deposition was introduced in evidence. After such hearing the trial court dismissed the plaintiff's suit with prejudice.

In the former suit special issue No. 5 submitted to the jury with an accompanying explanation, and the answer thereto, was:

"What sum, if any, do you find from a preponderance of the evidence, if paid in cash now, Plaintiff Robert H. Semon has been damaged as a proximate result of having been expelled and deprived of working in concerts and appearing professionally?

"In estimating such damages, if any, you may take into consideration what sum, if any, Plaintiff has lost or been deprived of earning as Concert Master for the El Paso Symphony Orchestra, from appearing professionally with Union members and from loss of earning as a teacher, proximately resulting from having been expelled and deprived of working in concerts and appearing professionally.

"Answer: Answer in dollars and cents.

"We Answer: $5,000.00."

Judgment was rendered accordingly. We think that that judgment settled the amount of damages proximately resulting from the wrongful expulsion and that the question of future damages was thereby determined and is res adjudicata. The fact that this issue embraces the words "has been damaged" and the explanation the words "has lost or been deprived of earning as Concert Master for the El Paso Symphony Orchestra" does not necessarily imply that the damages inquired about were those that accrued to the date of the trial only. The words could have well applied to future damages, and we think such construction is more in harmony with their natural and ordinary meaning. The fact that future damages could only be estimated based on past damages does not change the effect of the jury finding. It is unusual, to say the least, for the litigant to take two bites at a cherry when seeking damages for a wrongful act, whether such act is a breach of contract or a tort. We think appellant intended to recover and did recover in cause No. 70170 all damages proximately caused by his wrongful expulsion from the union. We fail to see how the Manford Act, Art. 5154a Vernon's Ann.Civ.St., which was enacted subsequent to the wrongful expulsion here complained of, has any bearing on the question.

Since plaintiff did not allege that he had sought reinstatement in the union since his wrongful expulsion, he alleged no cause of action for the union's failure to reinstate him; furthermore, plaintiff's deposition reveals that he has neither sought or been refused employment since the former trial because of his wrongful expulsion from the union. Such allegations were essential for his pleading to state a cause of action. He does not allege a predicate to require the union to reinstate him by court action since there is no allegation that he exhausted his channels for relief provided by the rules and regulations of the union. American Federation of Labor v. Mann, Tex.Civ. App., 188 S.W.2d 276.

The judgment of dismissal is affirmed.