**Charles E. HOLLEY et al., Appellants,**

**v.**

**PAINTERS LOCAL UNION NO. 318 et al., Appellees.**

**No. 16486.**

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 14, 1964.

Rehearing Denied March 13, 1964.

Jack Love and Ernest May, Fort Worth, for appellants.

Willis & Williams, Fort Worth, for appellee Painters Local Union No. 318.

Herbert S. Thatcher, Washington, D. C., for appellee Brotherhood of Painters, Decorators and Paperhangers of America.

Sam Houston Clinton, Jr., Austin, Tex., for appellee Painters Local Union No. 318 and Brotherhood of Painters, Decorators and Paperhangers of America.

LANGDON, Justice.

This is a suit for reinstatement and damages tried before the court without a jury on a third amended original petition filed by six former members of a union against W. E. Tatum and the local union of which they were members and an international union with which the local union is affiliated. The trial court entered judgment based upon an informal opinion containing findings of fact and conclusions of law which was filed as part of the record in this case and included in the transcript. The judgment denied all relief to Holley, C. C. Johnston and B. U. Simonds and ordered Honea, T. B. Simonds and Anderson reinstated while denying them damages. The first five named have filed an appellate brief. The local union and the brotherhood have perfected their appeal from certain rulings of the court and that portion of the judgment ordering reinstatement of Honea, Anderson and T. B. Simonds. The brotherhood and the union are therefore appellants in some aspects of the case and appellees in others. The opinion will refer to them as appellees. We affirm.

■ Appellees' motion to dismiss as to T. B. Simonds because he was not covered by the appeal bond is overruled as he was covered by an amended bond as reflected by the supplemental transcript filed herein.

■■ We next consider the motion of the appellees attacking the appellants' brief because of the alleged failure of the asserted points of error to comply with Rule 418, Texas Rules of Civil Procedure, in that they do not "direct the attention of the court to the error relied upon" because they are vague, indefinite and general abstract statements describing the judgment of the trial court rather than complaining of some specific action of the trial court with respect to matters of evidence or of law. The motion is overruled. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478; Taylor v. United Ass'n of J. & A. of Plumbing, etc., Tex.Civ.App., 337 S.W.2d 421; Paul v. Johnson, Tex.Civ.App., 314 S.W.2d 338, 343.

We have concluded that the points are based on no evidence and that the rule in Frazier v. Williams, Tex.Civ.App., 359 S.W.2d 213, 214 is applicable. This case in which there is no writ history holds, "In cases tried before the court without a jury, in the absence of a point that the judgment is contrary to the overwhelming weight and preponderance of the evidence, the rule is well settled that the judgment must be affirmed if there is any evidence of probative value to support it and that only evidence which tends to support the judgment may be considered. See Wilson v. Teague Independent School District, Tex.Civ.App., 251 S.W.2d 263, (Writ Ref.)." See also the Article by Chief Justice Calvert of the Texas Supreme Court entitled "No Evidence and Insufficient Evidence Points of Error", 38 Tex.Law Review 361.

By their first three points the appellants contend that the court erred in holding that the local union's suspension of Holley, Johnston, and B. U. Simonds was just and by their last three points that the court erred in holding that Honea and T. B. Simonds proved no damages and the refusal of damages and reinstatement to Holley and B. U. Simonds.

■ In considering the no evidence points we view the evidence in its most favorable light in support of the findings of the trial court, considering only the evi-

dence and the inferences which support the findings and rejecting the evidence and the inferences which are contrary to the finding. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; 38 Tex.Law Review 361, supra. The trial court in his findings stated that the attorney for the appellants in a brief filed with him conceded that " 'The Charges against B. U. Simonds and C. C. Johnston under Sec. 277 (of the Union Constitution) were sufficiently specific and the evidence sufficient that, in other circumstances, they might have merited mild discipline.' " The trial court found that the charges were not only adequate but that the evidence was amply sufficient to justify imposition of the fines by the trial board. We agree with the trial court that the evidence before it and the trial board would have justified the trial board in concluding that these two plaintiffs had been guilty of conduct which if permitted to continue would have wrecked the union and made it undesirable for peaceful members thereof to attend its meetings. That the fines of $1000.00 considered in the light of the gravity of the offenses charged and proved under § 277 together with the sum of the annual earnings these two men admittedly received were not excessive. We also agree with the trial court that the charges against Holley under § 277 were sufficient and that the evidence fully justified the trial board's action in assessing a fine of $300.00 against him. Based upon the record as a whole we are in accord with the finding of the trial court that the officials of the union acted in good faith in bringing the charges and conducting the trials. To an unbiased mind the evidence in this record would dictate a single ultimatum that something had to be done to preserve the union and its membership. Otherwise the union could have been wrecked as was indicated by the trial court. In cases where the trial board of the union acts fairly and in good faith as we believe they have in this instance their action is conclusive and cannot be disturbed by a court. St. Louis & S. W. Ry. Co. of Texas v. Thompson, 102 Tex. 89, 113 S.W. 144. The appellants' first three points of error are overruled.

In reviewing the record we find ourselves in full accord with the trial court that the parties seeking damages have completely failed to show by a preponderance of the evidence or by any probative evidence, what, if any damages they sustained by reason of their conviction by the union trial board. The evidence submitted was indefinite and unsatisfactory. From the evidence we are unable to find any basis for an award of damages associated with or connected with the alleged wrongful convictions. There is no testimony that the local union or any of its officers interfered in any way with the employment of those seeking damages. In this case not only was the amount, if any, uncertain but the cause and effect relationship was not shown.

 The plaintiffs' theory of recovery based upon allegations that as members of the union, as distinguished from non-members they had the advantage of the bargaining agent in reference to wages and conditions of work is untenable when under federal law a union must operate its hiring hall in a nondiscriminatory manner, open and available for members and nonmembers alike, N. L. R. B. v. Local 1566, Internat'l Longshoremen's Ass'n (3 Cir., 1960), 278 F.2d 883, cert. den. 364 U.S. 890, 81 S.Ct. 223, 5 L.Ed.2d 187 (1960). The "right-to-work law" in Texas, Article 5207a, reaches the same result. Further a bargaining agent must represent all employees within the bargaining unit, whether members or not. Contractual provisions covering wages and conditions apply equally to all employees, whether union or non-union. Wallace Corp. v. Labor Board, 1944, 323 U.S. 248, 65 S.Ct. 238, 89 L.Ed. 216.

Thus, as a matter of law, plaintiffs' self-imposed suspension as members of painters local did not cause loss of the "benefit of their bargaining agency."

 Absent a sufficient showing to the contrary, the fact, if it is a fact, that "many

painting contractors in Fort Worth depend upon Local Union No. 318 for their labor supply" does not, ipso facto, warrant a finding that only union members are employed by those contractors. There is no probative evidence that painting contractors "depend" upon Local Union for their labor supply. It does not operate a "hiring hall". Members of the local union solicit and obtain their own employment with contractors. Each plaintiff who was asked verified that he sought and obtained employment without being referred or "cleared" by Local Union. B. U. Simond's excuse that he did not feel he had enough opportunities for work here is belied by admissions that he made no real effort to seek employment in Fort Worth.

It was not alleged nor shown that one who was not a member of the union could not seek and obtain employment on the same footing as one who was. There is no allegation or proof that plaintiffs were ever refused a request to be referred to employment through local union or made any real effort to obtain employment from those contractors who, it was alleged but not proven, "depend upon Local Union 318 for their labor supply".

The discussion in Semon v. Musicians Protective Ass'n, Local 466, 1954 (Tex.Civ. App., El Paso), 272 S.W.2d 958, no writ history, directly supports the trial court's findings and conclusions. In that case the court affirmed dismissal of a complaint by a union member who claimed that he had been wrongfully expelled by the defendant and thus deprived of working in concerts and appearing professionally.

The court held that, "Since Plaintiff did not allege that he had sought reinstatement in the union since his wrongful expulsion, he alleged no cause of action for the union's failure to reinstate him; furthermore, plaintiff's deposition reveals that he has neither sought or been refused employment since the former trial because of his wrong-ful expulsion from the union. Such allegations were essential for his pleading to state a cause of action."

The testimony of the plaintiff herein was not so clear, positive and unequivocal and of such a nature and given under such circumstances as to require the trial court to give conclusive effect to it. It was within his province as the trier of the facts to believe it or to reject it. Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80, Com. of Appeals, adopted by Supreme Court; Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904.

The appellants' remaining three points of error are overruled. The appellees by cross-points contend that the court erred in overruling pleas to the jurisdiction, its pleas in abatement and special exceptions directed to claims for reinstatement and orders supporting same and in ordering reinstatement of three members. In an earlier appeal of this same cause in the case of Anderson v. Brotherhood of Painters, etc., Tex.Civ.App., 330 S.W.2d 541, this court affirmed the action of the trial court which had sustained a plea in abatement directed at reinstatement of members and remission of fines and accumulated dues and reversed the portion of the trial court's judgment sustaining the plea of abatement directed at the claim for damages. The Supreme Court in Anderson v. Painters Local Union No. 318, 161 Tex. 129, 338 S.W.2d 148, in an opinion by former Chief Justice Hickman affirmed this court's action in reversing the trial court and reversed its action affirming the trial court which in effect completely reversed the trial court and remanded the case for trial on its merits. In view of the language contained in the latter opinion we are of the belief that the appellees' cross-points should be and the same are accordingly overruled. The judgment of the trial court is in all things affirmed.