

Jon B. Burmeister, Mark D. Dore, Moore, Landry, Garth & Jones, Beaumont, for appellant.

Ted B. Kuhn, Aldrick, Buttrill & Kuhn, Houston, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from the granting of a plea of abatement. Joe Wilkins filed suit against his union local. His First Amended Original Petition states:

**Joe WILKINS, Appellant,**

v.

**TEAMSTERS LOCAL UNION NO. 1111, Appellee.**

No. 09–85–168–CV.

Court of Appeals of Texas, Beaumont.

March 20, 1986.

Rehearing Denied April 9, 1986.

II.

"Plaintiff was a truck driver who began his employment with Tandem Truck Service on June 11, 1982. He was also appointed job steward by the union. Approximately one to two months after he was employed, sometime in August of 1982, C.E.R., Inc., the company which employed Tandem Truck Service, issued a rule requiring each employee of Tandem to sign an affidavit of no debts or liens. C.E.R. refused to pay Tandem un-

less the affidavit was executed by each of Tandem's employees. When the Plaintiff was first told of the new rule, he signed one and two affidavits under protest until he could consult with his union. The Plaintiff was subsequently advised by the union officials not to sign the affidavit, and he was fired on September 23, 1982 for refusing to sign the affidavits.

### III.

The Plaintiff filed grievances against Paul Santos, d/b/a as Tandem Truck Service, and against C.E.R., Inc. A copy of the decision of the arbitrator is attached hereto and made a part hereof for all purposes. In addition, in Civil Action No. H–83–6036, The Honorable Norman W. Black, United States District Judge, ruled by way of Summary Judgment that the Plaintiff was not entitled to recover from C.E.R. since it lost the arbitration to Tandem Truck Service. A copy of said opinions is attached hereto as Exhibit B and made a part hereof for all purposes.

### IV.

Plaintiff brings a cause of action against the Defendant union alleging negligence in various respects, which was a proximate cause of the Plaintiff's damages in a sum which exceeds the minimum jurisdictional requirements of this Court, for which the Plaintiff now sues. In addition, the Plaintiff alleges that he is entitled to recover pre-judgment interest at the legal rate from the date of the loss to the date of judgment, and for post-judgment interest from the date of the judgment until paid."

The union's plea in abatement alleged (1) the claim was barred by limitation, (2) the claim was barred by *res judicata* or collateral estoppel because of arbitration and award and (3) the trial court lacked jurisdiction. An order was entered sustaining the entire plea. Mr. Wilkins brings forth points of error challenging each point of the plea in abatement.

As to the limitation, the union's position is based upon *DelCostello v. International Brotherhood of Teamsters, et al.,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). *DelCostello,* was a suit brought against both the employer for breach of the collective bargaining agreement and the union for breach of the duty of fair representation. The Supreme Court held the federal limitation applied.

Mr. Wilkins relies upon *Smith v. Kerrville Bus Co.,* 748 F.2d 1049 (5th Cir.1984), which held in a straight forward breach of contract suit against an employer, the state limitations should apply. The case before us is neither *DelCostello* nor *Smith.* It is a straight forward negligence case.[1] It is therefore governed by the Texas statute of limitations.

Mr. Wilkins admitted in his pleadings that he filed grievances and went through the arbitration process against his employers. The issues in the arbitration proceeding and the state law suit are not at all the same. The former was a question of wrongful discharge by an employer and the latter is one of negligence by a union.

The union obviously persuaded the trial court that the cause of action was arguably subject to the protections of section 7 or the prohibitions of section 8 of the National Labor Relations Act, 29 U.S.C. sec. 151, *et seq.* We do not agree. Texas courts have recognized a cause of action by a union member against his union in several instances. *See Gibson v. Johnson,* 414 S.W.2d 235 (Tex.Civ.App.—Tyler 1967, writ ref'd n.r.e.); *Anderson v. Painters Local Union No. 318,* 161 Tex. 129, 338 S.W.2d 148 (1960) and *Choate v. Grand International Brotherhood,* 159 Tex. 1, 314 S.W.2d 795 (1958).

Whether Mr. Wilkins will prevail is not for this court to decide. He is entitled to

---

**1.** The negligence pleading is extremely global. Special exceptions were granted and Mr. Wilkins was ordered to replead. The plea in abatement was granted before Mr. Wilkins had the opportunity to comply with the order on special exceptions.

bring his negligence action against his union in state court. All the points of error are sustained. The order granting the plea in abatement is reversed and the cause is remanded.

REVERSED AND REMANDED.