**TEAMSTERS LOCAL UNION NO. 1111, Appellant,**

v.

**Joe WILKINS, Appellee.**

**No. 09–87–197 CV.**

Court of Appeals of Texas, Beaumont.

Nov. 3, 1988.

Rehearing Denied Nov. 16, 1988.

Ted B. Kuhn, Buttrill & Kuhn, Houston, for appellant.

Jon B. Burmeister, Moore, Landry, Garth & Jones, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

Joe Wilkins was a truck driver and a member of Teamsters Local Union No. 1111 (the Union). Wilkins was employed by Tandum Truck Service (Tandum) which was a signatory to a collective bargaining agreement (CBA) with the Union. In August 1982, Tandum instituted a new rule that all employees sign affidavits of no liens or debt to satisfy a requirement of its contractor, CER, Inc. Wilkins signed several of the affidavits under protest until he could confer with the Union. The Union advised Wilkins not to sign the affidavits because the requirement was unilaterally imposed by Tandum without consulting the Union as required under the CBA. Wilkins was discharged on September 20, 1982, for refusal to sign the affidavits.

On April 20, 1983, Wilkins filed suit against the general contractor, CER, Inc., Tandem and the Union. Wilkins' original pleading alleged the Union "failed and refused to adequately pursue the grievance mechanism contained in the contract." Wilkins' next pleading simply stated: "Plaintiff brings a cause of action against the Defendant union alleging negligence in various respects...." The Union filed special exceptions requesting Wilkins to identify the specific acts of negligence upon which he was basing his cause of action. The Union also filed a plea in abatement which was granted by the trial court. This court reversed the granting of the plea in abatement, *Wilkins v. Teamsters Local Union No. 1111*, 706 S.W.2d 795 (Tex.App.—Beaumont 1986, writ ref'd n.r.e.).

Wilkins then supplemented his pleading, alleging the Union was negligent in instructing him not to sign the affidavits and in failing to warn him that by not signing the affidavits, he would be subject to being fired. The Union then filed a motion for summary judgment, alleging the cause of action was preempted by federal law concerning the duty of fair representation, including the limitation period under section 10(b) of the Labor Management Relations Act, 29 U.S.C.A. sec. 160(b) (1973). This motion was denied. A jury found the Union negligent and awarded damages of $75,525. The trial court overruled the Union's trial and post-trial motions arguing federal preemption and the federal statute of limitations.

■ In the previous appeal, the Union seemed to argue there was no jurisdiction in state court. It has abandoned that position, recognizing that state courts have concurrent jurisdiction over an action for breach of the duty of fair representation, *Humphrey v. Moore*, 375 U.S. 335, 344–346, 84 S.Ct. 363, 369–370, 11 L.Ed.2d 370, 379 (1964). Their argument now is simply that federal labor law must be applied, *Local 174, Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593

(1962). Furthermore, under federal labor law, the standard of a union's duty of fair representation is to "serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 910, 17 L.Ed.2d 842, 850 (1967). Additionally, the federal statute of limitations applies, *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

■ Thus, the question presented by this appeal is whether the cause of action asserted by Wilkins is preempted by federal labor law or is viable under state negligence standards. In *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), the Supreme Court held that when the resolution of a state law claim is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a [section] 301 claim [under the Labor Management Relations Act] or dismissed as pre-empted by federal labor-contract law." 471 U.S. at 220, 105 S.Ct. at 1916 (citation omitted). The Court also stated, citing *Bowen v. United States Postal Serv.*, 459 U.S. 212, 224–25, 103 S.Ct. 588, 595–96, 74 L.Ed.2d 402 (1983), " '[T]he relationships created by [a collective-bargaining] agreement' [must] be defined by application of 'an evolving federal common law grounded in national labor policy.' " 471 U.S. 210–11, 105 S.Ct. at 1911.

A later case, *Int'l Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987), analyzed *Allis–Chalmers* this way: "In *Allis–Chalmers*, the court applied the rule that a tort claim 'inextricably intertwined with consideration of the terms of the labor contract' is preempted." The Court went on to say that the correct manner of analysis is to determine if the claim is sufficiently independent of the collective-bargaining agreement to withstand preemption.

At the close of all the evidence, Wilkins was clearly proceeding on the basis of negligence in the type of advice given by the Union and in the failure of the Union to properly inform him of the consequences of following the advice. By Wilkins' own admission, he had concerns about signing the affidavits. This concern was partially based upon the applicability of the affidavits under the CBA. While it was controverted whether the Union relayed the threat that Wilkins would be discharged if he did not sign, it is uncontroverted that the Union gave Wilkins the advice in the capacity of the bargaining agent and in terms of their interpretation of the CBA. Wilkins' claim is, therefore, not sufficiently independent of the collective bargaining agreement to withstand preemption. The trial judge should have applied the federal labor law, including the statute of limitation.

■ At the close of all the evidence, Wilkins had admitted he was given the advice not to sign the affidavit sometime in mid-August and that he was terminated on September 20, 1982. Consequently, both causes of action matured on the date of the termination. 29 U.S.C.A. sec. 160(b) (1973); *Del Costello*, 462 U.S. at 172, 103 S.Ct. at 2294–2295; *Gray v. Amalgamated Meat Cutters Local 540*, 736 F.2d 1055 (5th Cir. 1984). Thus, under the federal statute of limitation, he had six months from that date to file his action. Appellee filed suit April 20, 1983, and thus, is time barred. The trial judge should have granted the motion for directed verdict. We therefore sustain point of error number one and reverse and render judgment for appellant.

REVERSED AND RENDERED.