Murdock James **KYLE** & Ernest Davis, Appellants,

v.

**WEST GULF MARITIME ASSOCIATION** and International Longshoremen's Association No. 1525, Appellees.

No. A14–89–00235–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 14, 1990.

Ross Asher, Tom M. White, Houston, for appellants.

Eric H. Nelson, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a summary judgment in a suit for damages for breach of contract. Suit was brought by two union members (appellants or "members") against the union (appellee or "union") which had represented them in the negotiation of a collective bargaining agreement. Judgment was against the two members who now appeal by bringing points of error alleging: (1) the controlling law is the common law of contracts as applied in Texas and not federal labor law; and (2) there are genuine issues of material fact. We affirm.

Appellants brought suit in 1979 against the union and an association which represented employers. The original petition

constitutes appellants' only pleadings in the record. The gist of these pleadings is a claim for damages arising under a contract between the union and appellants' employers. The breach of a collective bargaining agreement is alleged without more specificity. The pleadings assert that the terms of the contract cannot be set forth because the union and the employers refused to produce the contract for inspection. Damages sought were: $9,000 in "benefits"; $25,000 in exemplary damages; and $25,000 for mental pain and suffering. The union answered by pointing out that appellants had never filed grievances as provided for in the contract between the union and the employer, and that any necessary remedy would have resulted through arbitration if appellants had filed an appropriate grievance. The trial court granted a summary judgment against appellants which this court reversed and remanded on appeal in 1984,[1] upon which occasion this court also granted motion to dismiss the employer group, West Gulf Maritime Association. The union was the sole defendant at the second trial and is the only appellee now before us.

In proof supporting a new motion for summary judgment filed after remand, the union showed the members had a grievance involving a collective bargaining agreement over which federal law applies; that the cause of action accrued not later than June 1, 1977; the members' suit was filed more than six months after the cause of action accrued; and the action was time barred by limitation under federal law. Summary judgment proof included a 1988 deposition of member Kyle (Davis was then deceased), and two contracts between the union and appellants' employer[2] properly supported by affidavit of the employer's representative who stated that no complaints or grievances had ever been filed by either of the two members concerning the supplemental benefits believed to be in dispute.

Appellants responded to the motion for summary judgment only by unsworn rebuttal which asserts that the suit was brought to recover damages for failure by the union to perform on a contract *between the union and its members*, and that the contract between the union and the employer is a collateral issue, citing *International Ass'n of Machinists v. Gonzales*, 356 U.S. 617, 618, 78 S.Ct. 923, 924, 2 L.Ed.2d 1018 (1958), *Association of Westinghouse Salaried Employees v. Westinghouse Elec. Corp.*, 348 U.S. 437, 445, 75 S.Ct. 489, 492–93, 99 L.Ed. 510 (1955), and *Galveston Maritime Ass'n, Inc. v. South Atlantic and Gulf Coast Dist. Int'l Longshoremen's Ass'n*, 234 F.Supp. 250, 252 (S.D. Tex.1964), in an attempt to persuade the court below that Texas law should be applied to an existing contract between the members and the union, in which case a four-year limitation would apply, and as a consequence, the lawsuit is not time-barred.

The order granting summary judgment does not set out the grounds therefor. Under such circumstances appellants must show that each of the independent grounds alleged in the motion for summary judgment is insufficient to support the order. *Tilotta v. Goodall*, 752 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *McCrea v. Cubilla Condominium Corp. N.V.*, 685 S.W.2d 755, 757 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). The summary judgment will be affirmed on appeal if any of the theories advanced in the motion for summary judgment are meritorious. *See Borg–Warner Acceptance Corp. v. C.I.T. Corp.*, 679 S.W.2d 140, 142 (Tex.App.—Amarillo 1984, writ ref'd n.r.e).

A summary judgment is not entitled to the same deference given to a judgment following a trial on the merits. Unlike an appeal following a trial on the merits, when reviewing the grant of a summary judgment, the appellate court does not

---

1. See Tex. App.—Houston 14th Dist. File No. B14–83–326–CV, April 5, 1984: [Reversal was for failure to file competent summary judgment proof.]

2. One contract is for the period October 1, 1974 through September 30, 1977. The second contract is for the period October 1, 1977 through September 30, 1980.

view the evidence in the light most favorable to the judgment of the trial court. At either the trial or appellate level, the question is not simply whether the non-movant raised a material fact issue to defeat the motion. Unless the movant proved beyond question it was entitled to judgment as a matter of law, this court must remand the case for a trial on the merits. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828–829 (Tex.1970). The standards that must be applied when reviewing a summary judgment have been clearly mandated by the Texas Supreme Court:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548–549 (Tex.1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Wilcox v. St. Mary's University of San Antonio, Inc.*, 531 S.W.2d 589, 592–93 (Tex.1975).

■ Further, this court must not consider evidence that favors the movant unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

■ The judgment of the trial court cannot be affirmed on any grounds not specifically presented in the motion for summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675 (Tex.1979).

■ A defendant who moves for summary judgment may show no material issue of fact exists by proving that at least one element of plaintiff's cause of action has been established conclusively against the plaintiff. *Gray v. Bertrand*, 723 S.W.2d 957, 958 (Tex.1987); *Otis Eng'g Corp. v.*

*Clark*, 668 S.W.2d 307, 311 (Tex.1983); *Gibbs v. General Motors Corp.*, 450 S.W.2d at 828.

■ A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983); *Gibbs*, 450 S.W.2d at 828; *Dodson v. Kung*, 717 S.W.2d 385, 390 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

Appellants' pleadings complain of the breach of a contract between the employer and the union. The union's motion for summary judgment responds to those pleadings by showing the agreement brought into issue by the appellants' pleadings is controlled by federal law which has a six-month limitation on the filing of suit, that this lawsuit was time barred, and the trial court was without jurisdiction as a result.

■ The movant for a summary judgment on the basis of the running of the statute of limitations assumes the burden of showing as a matter of law that the suit is barred by limitations. *Delgado v. Burns*, 656 S.W.2d 428 (Tex.1983).

■ Viewing with favor, as we must, appellants' contention that the real issue before us is not the collective bargaining agreement itself, but another separate contract between the members and the union, and notwithstanding the lack of specific pleadings by appellants on such a second and separate contract, we find the following.

It is undisputed that this action can be heard in state court. But there is an issue as to whether federal or state law applies. Appellants argue that the union renegotiated a contract with the members' employer without the consent, approval, or ratification of the union membership; that such an act is not an unfair labor practice under the National Labor Relations Act found in 29 U.S.C.A. § 158; and that state law controls a mere breach of contract controversy between the members and the union.

The trial court by necessity would have to review the collective bargaining agreement between the union and the employer in order to resolve the question brought by appellants on the alleged improper renegotiation of that agreement under which appellants are intended third party beneficiaries.[3]

The Supreme Court of The United States has spoken a number of times over the years on the subject of proper choice of law under these circumstances.

The broad authority of a union as exclusive bargaining agent in the negotiation and administration of a collective bargaining contract is accompanied by a responsibility of equal scope, the responsibility and duty of fair representation. *Humphrey v. Moore*, 375 U.S. 335, 342, 84 S.Ct. 363, 367–68, 11 L.Ed.2d 370 (1964). A labor organization has a statutory duty of fair representation under the National Labor Relations Act to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 909–10, 17 L.Ed.2d 842 (1967). The duty of fair representation has judicially evolved as part of federal labor law, pre-empting state law. *See Amalgamated Ass'n of Street, Elec. Ry. and Motor Coach Employees of Am. v. Lockridge*, 403 U.S. 274, 301, 91 S.Ct. 1909, 1925, 29 L.Ed.2d 473 (1971). The duty of fair representation, unlike state tort and contract law, is part of federal labor policy. *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, —— U.S. ——, 110 S.Ct. 424, 432, 107 L.Ed.2d 388 (1989).

Suits involving violation of contracts between an employer and a labor organization are controlled by section 301 of the Labor Management Relations Act of 1947 ("§ 301"), codified at 29 U.S.C.A. § 185(a), which authorizes federal courts to fashion a uniform, consistent, and predictable body of federal law for the enforcement of those collective bargaining agreements. *See Textile Workers Union of America v. Lincoln Mills of Ala.*, 353 U.S. 448, 451, 77 S.Ct. 912, 915, 1 L.Ed.2d 972 (1957). Suits involving labor disputes under collective bargaining agreements, including actions under § 301, have been assigned the same statute of limitations as found in the National Labor Relations Act, as amended, 29 U.S.C.A. § 160(b). *See Del Costello v. International Broth. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). No complaints shall issue based on occurrences more than six months prior to the filing thereof. 29 U.S.C.A. § 160(b).

However, not every dispute tangentially involving a provision of a collective bargaining agreement is pre-empted by § 301. *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 211, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985). Section 301 governs claims founded directly on rights created by collective bargaining agreements, and also claims "substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 2431, 96 L.Ed.2d 318 (1987), quoting *International Broth. of Elec. Workers, AFL–CIO v. Hechler*, 481 U.S. 851, 107 S.Ct. 2161, 2166–67 n. 3, 95 L.Ed.2d 791 (1987). The application of state law is pre-empted by § 301 only if such application requires interpretation of the collective-bargaining agreement itself. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 1881, 100 L.Ed.2d 410 (1988).

We hold in the case before us there is no way a trial court could examine the questions raised by the members without a substantial review, interpretation and construction of the collective bargaining agreement between the union and the employers, and for that reason the issue must be controlled by federal law, including the six month limitation invoked thereby.

Because the cause of action is shown to be barred by the controlling federal statute of limitations, appellants have failed in

---

**3.** The Kyle deposition conclusively shows appellants are claiming a recovery of either guaranteed annual wages, vacation pay, sick pay, or unemployment benefits under the collective bargaining agreement between the union and appellants' employer.

their burden and we overrule point of error number one. Without a viable cause of action for review there is no need to consider the existence of any material issues of fact. Point of error number two is moot.

The judgment of the trial court is affirmed.