Gilbert FLORES, Appellant,

v.

METROPOLITAN TRANSIT AUTHORITY and Local 260 of the Transport Workers Union of America, AFL–CIO, Appellees.

No. 14–97–00607–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 5, 1998.

Charles Tullis, Houston, for appellant.

Paula J. Alexander, Jeffrey C. Londa, Michael D. Mitchell, Bruce Fickman, Houston, for appellees.

Before YATES, EDELMAN and O'NEILL, JJ.

## OPINION

O'NEILL, Justice.

The trial court granted summary judgment in favor of appellees, defendants below, based

upon the statute of limitations. In one point of error, appellant, Gilbert Flores, contends the court applied the incorrect statute of limitations to his claims. We affirm.

Flores began working for Metropolitan Transit Authority ("Metro") in 1986, and was a member of the Transport Workers Union of America ("TWU") and Local 260 of the TWU ("Local 260"). Flores was injured on the job on August 13, 1990, four years and eight months after he began his employment. He continued to work for several months after his injury, but eventually took medical leave and began receiving workers' compensation. When he returned to work, Flores applied to Metro for a differential to compensate for the difference between his lost wages and workers' compensation benefits. Pursuant to the labor agreement between Metro and TWU, the differential is available to those employees with five or more years of service at the time of injury. Although Flores received checks for the differential, he was unable to cash them because Metro stopped payment after realizing Flores had not been employed for five or more years at the time of his injury. When Local 260 elected not to challenge Metro's denial of benefits on his behalf, Flores filed suit in federal court.

The federal court granted appellees' motions for summary judgment and dismissed Flores' suit due to lack of subject matter jurisdiction, as Metro was not an "employer" within the meaning of 29 U.S.C. § 152(2) (1973). On April 25, 1996, Flores filed suit in state court alleging breach of contract and tort. The trial court granted summary judgment on the ground that Flores' claims were time barred under the federal six-month statute of limitations.

We review a grant of summary judgment by considering the evidence in the light most favorable to the non-movant, resolving all doubts and indulging all inferences in his favor to determine whether the party moving for summary judgment established there were no genuine issues of material fact. *See Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995). If a party moves for summary judgment based on the statute of limitations, it must prove as a matter of law that the suit is barred by limitations. *See Kyle v. West Gulf Maritime Ass'n,* 792 S.W.2d 805, 808 (Tex.App.—Houston [14th Dist.] 1990, no writ).

In his sole point of error, Flores contends the trial court erred in applying the federal six-month statute of limitations and should have applied the Texas statutory four-year limitation period for contract actions and two-year limitation period for tort actions. As an initial matter, we note Flores has failed to offer, and we have not found, any authority to support his argument on appeal. An appellant waives a point of error when he fails to cite supporting authority. *See Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983). Nonetheless, we affirm the judgment even apart from this rule of law.

Determining the appropriate statute of limitations requires that we first discern the law applicable to Flores' substantive claims. Although his petition alleges breach of contract and negligence, Flores testified his only complaint against Metro was that the denial of differential benefits violated the labor agreement, and his only complaint against Local 260 concerned its failure to pursue a grievance on his behalf. "State law causes of action for violation of a collective bargaining agreement—essentially breach of contract claims—are entirely displaced by section 301 [of the Labor Management Relations Act]." *Parham v. Carrier Corp.,* 9 F.3d 383, 390 (5th Cir.1993). A court must look to federal law to resolve a dispute which cannot be resolved without interpreting a provision of the collective bargaining agreement. *See id.; Kyle,* 792 S.W.2d at 809. Flores' testimony places this case squarely within section 301 of the Labor Management Relations Act ("LMRA"). Therefore, we must look to federal rather than state law to resolve the limitations issue.

Although section 301 provides the basis for Flores' claims, the LMRA does not contain a statute of limitations. In such a situation, where the considerations relevant to the limitations period for actions under the National Labor Relations Act ("NLRA") are identical to the considerations present in section 301 fair representation actions, the six-

month limitations period contained in the NLRA "clearly provides a closer analogy than available state statutes." *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 170–71, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983); *see* 29 U.S.C. §§ 157 & 158 (1973); *Kyle,* 792 S.W.2d at 809. Under the NLRA, a lawsuit alleging an unfair labor practice must be brought within six months after the date of occurrence. 29 U.S.C. § 160(b).

■ Flores contends the federal statute of limitations should not apply because Metro is a public employer exempt from coverage under the federal acts. However, Metro's exemption does not mean the federal acts do not apply to the limitations issue. Such an argument was specifically rejected in *International Association of Machinists & Aerospace Workers v. Tennessee Valley Authority,* 108 F.3d 658 (6th Cir.1997). There, the plaintiff sued its employer for breach of the collective bargaining agreement, and claimed that the union had breached its duty of fair representation. *See id.* at 661. The plaintiff argued that the TVA was exempt from the LMRA, and therefore the federal six-month statute of limitations did not apply. *See id.* The Sixth Circuit held that precedent and common sense required application of the NLRA's statute of limitations, despite the fact that the TVA was exempt from the NLRA, because the plaintiff's claims resembled an unfair labor practices charge and might require an examination of the union-management relationship. *See id.* at 665 (citing *West v. Conrail,* 481 U.S. 35, 38, 107 S.Ct. 1538, 1541, 95 L.Ed.2d 32 (1987)).

■ Because Flores' suit involves review and interpretation of the pertinent labor agreement and strongly resembles an unfair labor practices charge, the federal six-month statute of limitations applies. *See Kyle,* 792 S.W.2d at 809. Recasting his claims as breach of contract and negligence actions does not allow Flores to avoid the application of federal law. *See Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 211, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985); *Thomas v. LTV Corp.,* 39 F.3d 611, 616 (5th Cir.1994) (holding "[t]he preemptive effect of section 301 applies to causes of action arising in both

contract and tort."); *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405–06, 413, 108 S.Ct. 1877, 1880–82, 1885, 100 L.Ed.2d 410 (1988); *Teamsters Local Union No. 1111 v. Wilkins,* 761 S.W.2d 95, 96–97 (Tex.App.—Beaumont 1988, writ denied). We conclude that the trial court properly applied the NLRA's six-month statute of limitations to Flores' suit.

Flores next asserts that, even if the six-month limitations period applies, his suit was timely. Flores claims he first contacted the union seeking representation regarding the differential in late September and continued seeking its representation into March of 1995. Because his lawsuit was filed in federal court on May 22, 1995, Flores claims he filed well within the six-month limitations period. We disagree.

■ Flores testified that two or three weeks after Metro stopped payment on the checks, he contacted his union representative and was informed the union would not represent him. Flores admitted that by the end of September or early October of 1994, he knew the union would not pursue a grievance on his behalf. The six-month statutory period began to run as to his claims against TWU when Flores learned or should have known the union would not pursue his claim. *See Barrett v. Ebasco Constructors, Inc.,* 868 F.2d 170, 171 (5th Cir.1989). Thus, Flores was required to file suit against TWU within six months from the date he knew the union would not pursue a grievance on his behalf, which he failed to do.

Flores' claim against Metro is also time-barred. The statute of limitations for a section 301 suit against an employer and a union begins to run at the same time: when it was or should have been clear to the employee that TWU would not pursue his grievance. *See Vadino v. A. Valey Eng'rs,* 903 F.2d 253, 261 (3rd Cir.1990). Because we find the statute of limitations bars Flores' suit against TWU, it necessarily bars his claim against Metro.

We overrule appellant's point of error and affirm the judgment of the trial court.