Affirmed and Opinion filed June 13, 2002









Affirmed
and Opinion filed June 13, 2002.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00903-CV

____________

 

METROPOLITAN TRANSIT AUTHORITY, Appellant

 

V.

 

ALLEN W. BURKS, Appellee

 



 

On Appeal from the 164th
District Court

Harris County, Texas

Trial Court Cause No. 01-03132

 



 

O P I N I O N

This appeal arises from the termination, and subsequent
return to work, of Allen W. Burks (“Burks”), an employee of the Metropolitan
Transit Authority (“Metro”).  In one
point of error, Metro appeals the denial of its motion to dismiss for lack of
jurisdiction.  We affirm.








Burks, a Metro employee of almost eight years’ standing, was
terminated as a result of a disciplinary action on June 22, 2000.  Thereafter, pursuant to a collective
bargaining agreement, Metro entered into negotiations concerning Burks’
dismissal with the Transport Workers Union of America, Local 260, AFL-CIO (“Local
260”), and the Transport Workers Union of America, AFL-CIO (“TWU”)
(collectively, the “Union”).  On November
17, 2000, Metro and the Union reached an agreement whereby Burks was allowed to
return to work with a thirty-day disciplinary suspension.  Further, Burks was to be paid his back-pay,
less any earnings he might have made while terminated.

Burks returned to work on November 20, 2000.  Some two months later, however, on January
19, 2001, Burks filed the instant suit against Metro, requesting “judicial
assistance in restoring him to his pre-disciplinary status . . . and in
compensating him for his economic loss caused by his constitutionally wrongful
termination.”  The Union was neither
named as a party in the suit, nor was it later joined.  

Subsequently, Metro moved to dismiss for lack of jurisdiction
or, in the alternative, for summary judgment, based upon Burks’ failure to name
the Union in his suit within what Metro asserts is the six month limitations
period provided by federal law.  The
motion was denied on August 31, 2001, and this appeal ensued.








A plea to the jurisdiction contests the district court=s authority to determine the subject
matter of the cause of action.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); City
of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 752 (Tex. App.CAustin 1998, no pet.). 
Thus, a plea to the jurisdiction is properly employed to present a bar
to subject matter jurisdiction. Texas Dep’t of Transp. v. Jones, 8 S.W.3d 636, 637 (Tex. 1999).
 As subject matter jurisdiction presents
a question of law, we review a district court=s order denying a plea to the
jurisdiction de novo.  Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  We examine a plaintiff’s good faith factual
allegations to determine whether the district court has jurisdiction.  Brannon v. Pacific
Employers Ins. Co., 224 S.W.2d 466, 469 (Tex. 1949); Bland Indep. Sch. Dist.,
34 S.W.3d at 554. 
In reviewing a plea to the jurisdiction, we may look beyond the
pleadings and are required to do so when necessary to resolve the
jurisdictional issues raised.  Id. at 555.  The nature of the issues raised in the plea
determines the scope of the court=s focus beyond the pleadings.  Id. 
Absent the face of the petition affirmatively demonstrating a lack of
jurisdiction, the district court must liberally construe the allegations in the
petition in favor of the plaintiff and in favor of jurisdiction.  Texas Ass’n of Bus., 852 S.W.2d at 446; Peek v. Equipment Serv. Co., 779 S .W.2d 802, 804 (Tex. 1989).

In its sole point of error, Metro contends Burks was required
to join the Union within the six-month limitations period provided under
federal law because his claims implicate the collective bargaining agreement,
and that his failure to do so mandated dismissal of his claims against Metro
for want of jurisdiction.

State law causes of action for violation of a collective
bargaining agreement are entirely displaced by section 301 of the Labor
Management Relations Act of 1947 (“LMRA”), which “authorizes federal courts to
fashion a uniform, consistent, and predictable body of federal law for the
enforcement of those collective bargaining agreements.”  Kyle v. West Gulf Mar. Ass’n,
792 S.W.2d 805, 809 (Tex. App.CHouston [14th Dist.] 1990, no pet.) (citing Textile Workers Union of Am. v. Lincoln Mils of
Ala., 353 U.S. 448, 451 (1957)); see also Flores v. Metro. Transit Auth.,
964 S.W.2d 704, 706 (Tex. App.CHouston [14th Dist.] 1998, no
pet.).  The LMRA does not contain a
statute of limitations.  29 U.S.C.A. ' 185(a) (West 1998).   The United States Supreme Court, however, in
DelCostello v. International Brotherhood of
Teamsters, 462 U.S. 151, 170B71 (1983), assigned such labor
disputes the same statute of limitations as found in the National Labor
Relations Act (“NLRA”), 29 U.S.C.A.
' 160(b) (West 1998).  Thus, no complaints shall issue based on
occurrences more than six months prior to the filing thereof.  Id.








However, “not every dispute tangentially involving a
provision of a collective bargaining agreement is preempted” by LMRA.  Kyle, 792 S.W.2d at 809 (citing Allis-Chalmers
Corp. v. Lueck, 471 U.S. 202, 211 (1985)).  LMRA governs only claims that are “inextricably
intertwined” with, or dependent on, analysis of the agreement.  Lingle v.
Norge Div. of Magic Chef, Inc., 486 U.S. 399,
403, 413 (1988); see also Thomas v. LTV Corp., 39 F.3d 611, 616 (5th
Cir. 1994) (stating that, when a collective bargaining agreement is implicated,
“[i]ncompatible doctrines of state law must give way
to federal labor law”); Kyle, 792 S.W.2d at 809 (finding that LMRA “governs
claims founded directly on rights created by collective bargaining agreements,
and also claims substantially dependent on analysis of a collective-bargaining
[sic] agreement”).  

In the instant case, Metro contends Burks’ suit is a “hybrid”
action governed by LMRA, in that he alleges breaches of the collective
bargaining agreement by Metro and of fair representation by the Union.  Reed v. United Transp. Union, 488 U.S. 319, 328 (1989).  Establishing a breach of the duty of fair
representation by the Union is an “indispensable predicate” to an action
against Metro for violation of a collective bargaining agreement.  United Parcel Service, Inc. v. Mitchell,
451 U.S. 56, 62 (1981) (overruled as to the length-of-limitations period by DelCostello); see also Thomas, 39 F.3d at 621B22. 
Metro assumes that a breach of the duty of fair representation can be
shown only where the Union is a party to the action.  As the statute of limitations has long since
expired, and thus the Union cannot now be joined as a party, Metro concludes
that the court below lacked jurisdiction to reach the merits of Burks’ claims
of a breach of the collective bargaining agreement.  We disagree.

We assume, without deciding, that Metro is correct in its
characterization of Burks’ claims for “judicial assistance in restoring him to
his pre-disciplinary status . . . and in compensating him for his economic loss
caused by his constitutionally wrongful termination” as implicating the
collective bargaining agreement, as to do otherwise would render consideration
of its LMRA arguments pointless.








While establishing the Union breached its duty of fair
representation is, as Metro avers, an indispensable predicate to maintaining
suit against Metro, nothing requires the Union actually be a party to Burks’
suit.  Indeed, the United States Supreme
Court has expressly stated that an employee may sue either the union or the
employer.  DelCostello,
462 U.S. at 165 (“The employee may, if he chooses, sue one defendant and not
the other; but the case he must prove is the same whether he sues one, the
other, or both.”); see also Trial v. Atchison, Topeka & Santa Fe Ry., 896 F.2d 120, 123 (5th Cir. 1990) (“A hybrid
action brought under the LMRA does not have to join both the employer and the
union as defendants; it is sufficient for the employee to sue one or the other,
but the employee must prove a cause of action against both.”[1]);
Smith v. Kerrville Bus Co., Inc., 748 F.2d 1049, 1053 (5th Cir.
1984).  Thus Burks may, if the trial
court determines his action sounds under the LMRA, be required to prove the
Union breached its duty of fair representation, but he was not required to name
the Union to this suit to do so.  To hold
otherwise would lead to a result seemingly at odds with DelCostello:
an employee could sue only his employer, but could not maintain that suit
beyond the six-month limitations period without joining his union in the
action.  We decline Metro’s invitation to
fashion such a rule.

The judgment of the trial court is affirmed.

 

 

/s/        J. Harvey Hudson

Justice

 

 

Judgment rendered
and Opinion filed June 13, 2002.

Panel consists of
Justices Hudson, Fowler, and Edelman.

Publish C Tex.
R. App. P. 47.3(b).











[1]  It is of
interest to note that despite this declaration and the guidance provided by the
United States Supreme Court in DelCostello,
the Fifth Circuit proceeded to find that a district court lacked jurisdiction
to hear claims against an employer under the Railway Labor ActCwhich also uses the six month limitations period
provided by the NLRACwhere the Ajurisdictional
predicate@ could not be established because the appellant=s claims against the union were time-barred.  Id. at 124B25.