METROPOLITAN TRANSIT
AUTHORITY, Appellant,

v.

Allen W. BURKS, Appellee.

No. 14–01–00903–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 13, 2002.

Randy Frazier, Houston, for appellants.

Matthew S. Muller, Houston, for appellees.

Panel consists of Justices HUDSON, FOWLER, and EDELMAN.

## OPINION

J. HARVEY HUDSON, Justice.

This appeal arises from the termination, and subsequent return to work, of Allen W. Burks ("Burks"), an employee of the

Metropolitan Transit Authority ("Metro"). In one point of error, Metro appeals the denial of its motion to dismiss for lack of jurisdiction. We affirm.

Burks, a Metro employee of almost eight years' standing, was terminated as a result of a disciplinary action on June 22, 2000. Thereafter, pursuant to a collective bargaining agreement, Metro entered into negotiations concerning Burks' dismissal with the Transport Workers Union of America, Local 260, AFL–CIO ("Local 260"), and the Transport Workers Union of America, AFL–CIO ("TWU") (collectively, the "Union"). On November 17, 2000, Metro and the Union reached an agreement whereby Burks was allowed to return to work with a thirty-day disciplinary suspension. Further, Burks was to be paid his back-pay, less any earnings he might have made while terminated.

Burks returned to work on November 20, 2000. Some two months later, however, on January 19, 2001, Burks filed the instant suit against Metro, requesting "judicial assistance in restoring him to his pre-disciplinary status ... and in compensating him for his economic loss caused by his constitutionally wrongful termination." The Union was neither named as a party in the suit, nor was it later joined.

Subsequently, Metro moved to dismiss for lack of jurisdiction or, in the alternative, for summary judgment, based upon Burks' failure to name the Union in his suit within what Metro asserts is the six month limitations period provided by federal law. The motion was denied on August 31, 2001, and this appeal ensued.

■ A plea to the jurisdiction contests the district court's authority to determine the subject matter of the cause of action. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000); *City of Austin v. L.S. Ranch, Ltd.,* 970 S.W.2d 750, 752 (Tex.App.-Austin 1998, no pet.). Thus, a plea to the jurisdiction is properly employed to present a bar to subject matter jurisdiction. *Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636, 637 (Tex.1999). As subject matter jurisdiction presents a question of law, we review a district court's order denying a plea to the jurisdiction de novo. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998). We examine a plaintiff's good faith factual allegations to determine whether the district court has jurisdiction. *Brannon v. Pacific Employers Ins. Co.,* 148 Tex. 289, 224 S.W.2d 466, 469 (1949); *Bland Indep. Sch. Dist.,* 34 S.W.3d at 554. In reviewing a plea to the jurisdiction, we may look beyond the pleadings and are required to do so when necessary to resolve the jurisdictional issues raised. *Id.* at 555. The nature of the issues raised in the plea determines the scope of the court's focus beyond the pleadings. *Id.* Absent the face of the petition affirmatively demonstrating a lack of jurisdiction, the district court must liberally construe the allegations in the petition in favor of the plaintiff and in favor of jurisdiction. *Texas Ass'n of Bus.,* 852 S.W.2d at 446; *Peek v. Equipment Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989).

In its sole point of error, Metro contends Burks was required to join the Union within the six-month limitations period provided under federal law because his claims implicate the collective bargaining agreement, and that his failure to do so mandated dismissal of his claims against Metro for want of jurisdiction.

■ State law causes of action for violation of a collective bargaining agreement are entirely displaced by section 301 of the Labor Management Relations Act of 1947 ("LMRA"), which "authorizes federal courts to fashion a uniform, consistent, and predictable body of federal law for the enforcement of those collective bargaining

agreements." *Kyle v. West Gulf Mar. Ass'n,* 792 S.W.2d 805, 809 (Tex.App.-Houston [14th Dist.] 1990, no pet.) (citing *Textile Workers Union of Am. v. Lincoln Mills of Ala.,* 353 U.S. 448, 451, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957)); *see also Flores v. Metro. Transit Auth.,* 964 S.W.2d 704, 706 (Tex.App.-Houston [14th Dist.] 1998, no pet.). The LMRA does not contain a statute of limitations. 29 U.S.C.A. § 185(a) (West 1998). The United States Supreme Court, however, in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 170–71, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), assigned such labor disputes the same statute of limitations as found in the National Labor Relations Act ("NLRA"), 29 U.S.C.A. § 160(b) (West 1998). Thus, no complaints shall issue based on occurrences more than six months prior to the filing thereof. *Id.*

■ However, "not every dispute tangentially involving a provision of· a collective bargaining agreement is preempted" by LMRA. *Kyle,* 792 S.W.2d at 809 (citing *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 211, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)). LMRA governs only claims that are "inextricably intertwined" with, or dependent on, analysis of the agreement. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 403, 413, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988); *see also Thomas v. LTV Corp.,* 39 F.3d 611, 616 (5th Cir.1994) (stating that, when a collective bargaining agreement is implicated, "[i]ncompatible doctrines of state law must give way to federal labor law"); *Kyle,* 792 S.W.2d at 809 (finding that LMRA "governs claims founded directly on rights created by collective bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining [*sic*] agreement").

■ In the instant case, Metro contends Burks' suit is a "hybrid" action governed by LMRA, in that he alleges breaches of the collective bargaining agreement by Metro and of fair representation by the Union. *Reed v. United Transp. Union,* 488 U.S. 319, 328, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989). Establishing a breach of the duty of fair representation by the Union is an "indispensable predicate" to an action against Metro for violation of a collective bargaining agreement. *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 62, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) (overruled as to the length-of-limitations period by *DelCostello*); *see also Thomas,* 39 F.3d at 621–22. Metro assumes that a breach of the duty of fair representation can be shown only where the Union is a party to the action. As the statute of limitations has long since expired, and thus the Union cannot now be joined as a party, Metro concludes that the court below lacked jurisdiction to reach the merits of Burks' claims of a breach of the collective bargaining agreement. We disagree.

We assume, without deciding, that Metro is correct in its characterization of Burks' claims for "judicial assistance in restoring him to his pre-disciplinary status ... and in compensating him for his economic loss caused by his constitutionally wrongful termination" as implicating the collective bargaining agreement, as to do otherwise would render consideration of its LMRA arguments pointless.

While establishing the Union breached its duty of fair representation is, as Metro avers, an indispensable predicate to maintaining suit against Metro, nothing requires the Union actually be a party to Burks' suit. Indeed, the United States Supreme Court has expressly stated that an employee may sue either the union or the employer. *DelCostello,* 462 U.S. at 165, 103 S.Ct. 2281 ("The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the

same whether he sues one, the other, or both."); *see also Trial v. Atchison, Topeka & Santa Fe Ry.*, 896 F.2d 120, 123 (5th Cir.1990) ("A hybrid action brought under the LMRA does not have to join both the employer and the union as defendants; it is sufficient for the employee to sue one or the other, but the employee must prove a cause of action against both." [1]); *Smith v. Kerrville Bus Co., Inc.*, 748 F.2d 1049, 1053 (5th Cir.1984). Thus Burks may, if the trial court determines his action sounds under the LMRA, be required to prove the Union breached its duty of fair representation, but he was not required to name the Union to this suit to do so. To hold otherwise would lead to a result seemingly at odds with *DelCostello:* an employee could sue only his employer, but could not maintain that suit beyond the six-month limitations period without joining his union in the action. We decline Metro's invitation to fashion such a rule.

The judgment of the trial court is affirmed.

---

**1.** It is of interest to note that despite this declaration and the guidance provided by the United States Supreme Court in *DelCostello,* the Fifth Circuit proceeded to find that a district court lacked jurisdiction to hear claims against an employer under the Railway Labor Act—which also uses the six month limitations period provided by the NLRA—where the "jurisdictional predicate" could not be established because the appellant's claims against the union were time-barred. *Id.* at 124–25.