Joe DIAZ, Appellant,

v.

SAN ANTONIO PROFESSIONAL FIRE FIGHTERS ASSOCIATION—IAFF Local 624, Appellee.

No. 04–04–00817–CV.

Court of Appeals of Texas, San Antonio.

Nov. 2, 2005.

Beverly West Stephens, Mark Anthony Sanchez, Gale, Wilson & Sanchez, P.L.L.C., San Antonio, for appellant.

Amy M. Eubanks–Perkins, Asst. City Atty., San Antonio, B. Craig Deats, Deats & Levy, P.C., Austin, for appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by SARAH B. DUNCAN, Justice.

Joe Diaz appeals the trial court's summary judgment in favor of the San Antonio Professional Fire Fighters Association. We hold Diaz's claim against the Association for breach of the duty of fair representation is barred by the federal six-month statute of limitations and affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Joe Diaz worked as a paramedic for the City of San Antonio's Fire Department until he was suspended in June 1999. The letter suspending Diaz informed him that he had ten days to appeal, but failed to inform him that his "appeal must include the basis for the appeal and a request for a [Fire Fighters' and Police Officers' Civil Service][C]ommission hearing," "a statement denying the truth of the charge as made, a statement taking exception to the legal sufficiency of the charge, a statement alleging that the recommended action does not fit the offense or alleged offense, or a combination of these statements." TEX. LOC. GOV'T CODE ANN. § 143.010(b) (Vernon 1999). Nevertheless, after speaking with the Association's[1] grievance committee chair, Cliff Aultman,[2] Diaz filed his own appeal letter on June 23,[3] which states only that he had "been placed on indefinite suspension by the San Antonio Fire De-

partment until a criminal investigation is concluded by the District Attorney's office. This letter is to notify your office of my intent to appeal their decision to take this course of action. If you have any questions, please contact my attorney William R. Rodis at 822–7678."

On July 7, 1999, the Commission notified another Association representative, Anthony Rogers, that it would consider the sufficiency of Diaz's notice of appeal at its July 12 meeting. In accordance with Diaz's request, he was represented at the July 12 meeting by an attorney engaged by the Association, Ricky Poole. Nonetheless, at the conclusion of its July 12 meeting, the Commission ruled that Diaz's notice of appeal failed to comply with the statutory requirements and, on that basis, affirmed Diaz's suspension. Diaz thereafter appealed the Commission's decision, naming as defendants both the City and the Commission. Approximately two years later, in June 2001, after the Association stopped funding Diaz's appeal,[4] he filed suit in federal district court against the City and the Association. In this lawsuit, Diaz alleged the City discharged him to prevent him from vesting in his retirement plan and denied him due process; the Association breached its duty of fair representation; and both defendants conspired to prevent him from vesting in his retirement plan and deny him due process. In April 2003, Diaz amended his petition in his state court suit to include the Association as a

---

1. Pursuant to a collective bargaining agreement, the San Antonio Professional Fire Fighters Association—IAFF Local 624 is the bargaining agent for the firefighters with the City. Diaz was a dues paying member of the Association.

2. The substance of these conversations and the advice given are disputed and ultimately not relevant to this appeal.

3. Diaz's appeal letter is dated June 23, 1999, but it is date-stamped as having been received

by the Commission on June 25, 1999. This discrepancy is also ultimately not relevant to this appeal.

4. In approximately December 2000, the Association decided to transfer its members' legal work to another attorney, David Van Os. Based upon Van Os's advice that Diaz's appeal could not be won, the Association discontinued its funding of Diaz's appeal.

defendant. The federal district court dismissed Diaz's claims against the City and granted the Association's motion for summary judgment. One year later, the state district court granted the Association's motion for summary judgment without stating a ground and severed Diaz's claims against the Association. This appeal ensued.

### STANDARD OF REVIEW

We review a summary judgment de novo. *Valores Corporativos, S.A. de C.V. v. McLane Co.*, 945 S.W.2d 160, 162 (Tex. App.-San Antonio 1997, writ denied). Accordingly, we will uphold a traditional summary judgment only if the summary judgment record establishes both the absence of a genuine issue of material fact and that the movant is entitled to summary judgment on a ground set forth in the motion. *Id.; see* TEX.R. CIV. P. 166a(c). We will uphold a no-evidence summary judgment only if the summary judgment record reveals no evidence on the challenged element, *i.e.,* "(a) a complete absence of evidence [as to the challenged element]; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove [the challenged element]; (c) the evidence offered to prove [the challenged element] is no more than a mere scintilla; [or] (d) the evidence establishes conclusively the opposite of the [challenged element]." Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEXAS L.REV. 361, 362–63 (1960); *see* TEX.R. CIV. P. 166a(i). In deciding whether the summary judgment record raises a genuine issue of material fact, we assume all evidence favorable to the respondent is true and indulge every reasonable inference and resolve all doubts in his favor. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex.2001). When, as here, the trial court's summary judgment

does not specify the ground or grounds upon which the summary judgment was rendered, we will affirm the summary judgment if any of the grounds stated in the motion is meritorious. *Id.*

### DUTY OF FAIR REPRESENTATION

■ Diaz first argues the trial court erred in rendering a summary judgment against him on his duty-of-fair-representation claim. We disagree.

■ A claim for breach of the duty of fair representation is governed by the federal six-month statute of limitations. *Del-Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169–172, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Flores v. Metro. Transit Auth.*, 964 S.W.2d 704, 707 (Tex. App.-Houston [14th Dist.] 1998, no pet.); *Teamsters Local Union No. 1111 v. Wilkins*, 761 S.W.2d 95, 97 (Tex.App.-Beaumont 1988, writ denied). It is undisputed that Diaz failed to file suit against the Association within the six-month window. Diaz argues, however, that "he met the six-month statute of limitations because he filed suit against the City and the Civil Service Commission ... within six-months after losing all rights of appeal" and "he was not immediately required to also bring suit against the [Association]" "[b]ecause [he] sued his employer." In support of his argument, Diaz cites *Metropolitan Transit Auth. v. Burks*, 79 S.W.3d 254, 257–58 (Tex.App.-Houston [14th Dist.] 2002, no pet.). But *Burks* is not on point.

*Burks* filed suit against his employer, Metropolitan Transit Authority, seeking " 'judicial assistance in restoring him to his pre-disciplinary status ... and in compensating him for his economic loss caused by his constitutionally wrongful termination.' " *Id.* at 256. Metro moved to dismiss Burks's suit for lack of jurisdiction or alternatively summary judgment be-

cause Burks failed to name his union as a defendant within the six-month limitations period. *Id.* After the trial court denied Metro's motion, it appealed, arguing that, because Burks's claims implicated the collective bargaining agreement, his failure to join his union within the six-month limitations period mandated dismissal of his claims for lack of jurisdiction. *Id.* The court disagreed, holding that, "[w]hile establishing the Union breached its duty of fair representation is ... an indispensable predicate to maintaining suit against Metro, nothing requires the Union actually be a party to Burks's suit." *Id.* at 257. *Burks* thus does not decide or even address the issue presented by Diaz's appeal: when an employee wishes to sue his union for the damages arising out of its violation of the duty of fair representation, must he do so within the federal six-month limitations period? *DelCostello* says he must. Diaz argues, however, his amended petition naming the Association as a defendant relates back to his original petition naming only the City as a defendant. We disagree.

In support of his relation back argument, Diaz cites a line of cases including *Enserch Corp. v. Parker*, 794 S.W.2d 2 (Tex.1990). Diaz's reliance on this line of cases is misplaced. As explained by the *Parker* Court, under the equitable relation back doctrine, "limitations is tolled and a subsequent amendment of the petition relates back to the date of the original petition" "[i]f the plaintiff merely misnames the correct defendant (misnomer)." *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex.1990). But this is not a misnomer case. Diaz did not name the City as a defendant in an attempt to name the Association. He intended to name the City as a defendant and did so. Accordingly, the relation back doctrine does not apply.

In sum, neither the hybrid claim doctrine applied in *Burks* nor the relation back doctrine applied in *Parker* saves Diaz's duty-of-fair-representation claim from the federal six-month statute of limitations. Accordingly, we hold the trial court correctly granted summary judgment against Diaz on his duty-of-fair-representation claim.

### DUE PROCESS

Diaz next argues the trial court erred in granting summary judgment against him on his claim under 42 U.S.C. § 1983 that the Association, acting alone and in a conspiracy with the City and the Commission, denied him his constitutional right to due process. We again disagree.

██ "To state a cause of action under section 1983 the appellant must allege that the person who deprived him of a federal right was acting under color of law." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir.), *cert. denied*, 543 U.S. 829, 125 S.Ct. 153, 160 L.Ed.2d 44 (2004). "For a private citizen ... to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Id.* "[A] non-state actor may be liable under 1983 if the private citizen was a 'willful participant in joint activity with the State or its agents.'" *Id.* (quoting *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir.), *cert. denied*, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994)). "The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Id.* "Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Id.* "Labor unions ... generally are not state actors." *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2nd Cir.2002).

■ Here the only agreement Diaz alleges is the Collective Bargaining Agreement; and he does not allege the agreement is itself illegal.[5] *See Hudson v. Chicago Teachers Union Local No. 1,* 743 F.2d 1187, 1191 (7th Cir.1984) ("[W]hen a public employer assists a union in coercing public employees to finance political activities, that is state action; and when a private entity such as a union acts in concern with a public agency to deprive people of their federal constitutional rights, it is liable under section 1983 along with the agency."), *affirmed,* 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986). Rather, he rests his contention that the Association willfully participated in joint activity with the State merely upon the Association's status as a collective bargaining agent. Diaz thus fails to even allege that the Association and the City entered into an agreement to commit an illegal act. Accordingly, the trial court correctly granted a summary judgment against Diaz on his due process claim.

### CONSPIRACY

Diaz also argues the trial court erred in rendering a summary judgment against him on his conspiracy claim on the ground that it is barred by the doctrine of res judicata. We disagree.

■ The federal district court dismissed Diaz's due process claim against the Association under 42 U.S.C. § 1985(3) with prejudice. When a federal court issues a judgment, the res judicata effect of that judgment in a subsequent state court proceeding is controlled by federal law. *San Antonio Indep. Sch. Dist. v. McKinney,* 936 S.W.2d 279, 281 (Tex.1996). Under federal law, the doctrine of res judica-

ta bars the subsequent suit if: (1) the parties in both suits are identical, (2) the prior judgment was rendered by a court of competent jurisdiction, (3) there is a final judgment on the merits, and (4) the same cause of action is involved in both cases. *In re Intelogic Trace, Inc.,* 200 F.3d 382, 386 (5th Cir.2000). The first three factors of this test are plainly met: Diaz and the Association were parties to the suit in federal court, which is a court of competent jurisdiction; and the dismissal with prejudice constitutes an adjudication on the merits. *See Mossler v. Shields,* 818 S.W.2d 752, 754 (Tex.1991). The issue is thus whether the two actions involve the same cause of action.

For the same cause of action to be involved, the two actions must be based on the "same nucleus of operative facts." *Intelogic,* 200 F.3d at 386. In his state court suit, Diaz alleges the Association violated section 1983 by conspiring "for the purpose of depriving [him] of his due process of law in regard to the appeal of his suspension/termination." Diaz employed the identical language in his federal court complaint alleging the Association violated section 1985(3). And a comparison of Diaz's live federal court complaint and state court petition reveals that he supported each claim with many of the same operative facts. We therefore hold the same cause of action was involved in his federal court suit as is now involved in his state court lawsuit. Since Diaz could have brought his section 1983 claim in federal court, the federal court's dismissal with prejudice of Diaz's section 1985(3) claim bars Diaz's section 1983 claim in this suit.

### STATE COMMON LAW CLAIMS

■ Finally, Diaz argues the trial court erred in granting a summary judg-

---

**5.** Diaz admitted in his deposition that the only contract at issue is the collective bargaining

agreement.

ment against him on his state common law claims that the Association defrauded him "by failing to provide [him fair] representation and/or comply with its contractual requirements [under the CBA]"; the Association breached "its fiduciary duty to [him]"and "breached its contract with [him] as his common law agent and/or legal representative when it failed to assist [him] in effectively appealing his suspension and/or intentionally ignoring [his] request for the same"; the Association, acting as his "assigned 'bargaining agent,' falsely represented to [him] that it would represent him in his appeal of his suspension, and in filing suit if necessary"; and "the [Association] tortiously interfered in [his] employment contract with the City." As revealed by the language in Diaz's petition, however, his state common law claims are merely a recasting of his duty of fair representation claim, which we have previously held is barred by the federal six-month statute of limitations. Accordingly, we hold the trial court correctly granted a summary judgment against Diaz on his state common law claims and affirm the trial court's judgment.