**LAW OFFICES OF ROBERT D. WILSON, Appellant**

v.

**TEXAS UNIVEST–FRISCO, LTD., Appellee.**

No. 05–08–01121–CV.

Court of Appeals of Texas, Dallas.

June 18, 2009.

---

---

Robert D. Wilson, Law Offices of Robert D. Wilson P.C., Dallas, TX, for Appellant.

Jerrad Douglas Bloome, Houston, TX, for Appellee.

Before Justices MOSELEY, O'NEILL, and MURPHY.

## OPINION

Opinion By Justice MOSELEY.

This is an appeal of a sanctions order entered against appellant, "The Law Offices of Robert D. Wilson." The appeal asserts that the trial court entered the order after it lost jurisdiction to do so, that the order is barred by res judicata, and that "The Law Offices of Robert D. Wilson" is a non-existent entity. For the reasons below, we affirm.

## FACTS

Mark Viracola and Chris Statzer (plaintiffs) sued appellee, Univest–Frisco, Ltd., and other parties (including Bellinger & Dewolf, LLP) concerning a real estate transaction. Their petition, filed in cause number 219–00461–06, was signed by "The Law Offices of Robert D. Wilson, P.C." Univest filed an original answer, counterclaim, and cross-claim, and moved for sanctions against "The Law Offices of Robert D. Wilson" pursuant to Texas Rule of Civil Procedure 13. Later, Bellinger & Dewolf, LLP filed a motion for leave to designate "Robert D. Wilson and the Law Offices of Robert D. Wilson, P.C." as third-party defendants. The trial court granted this motion, and later granted a motion allowing "Robert D. Wilson and the Law Offices of Robert D. Wilson, P.C." to withdraw as plaintiffs' counsel.

Thereafter, the trial court granted summary judgment disposing of all claims against Univest, save one claim for fraud. A few months later, in response to Univest's motion, the trial court severed into a new cause number (219–02326–07) "any and all claims between [p]laintiffs ... and Defendant Texas Univest–Frisco, Ltd. ...." That order was dated July 9, 2007.

Eventually, the parties remaining in the original action resolved their claims, and the trial court signed an agreed judgment disposing of the claims remaining in the original action on October 11, 2007.

Meanwhile, in the severed action, the trial court granted summary judgment in favor of Univest on plaintiffs' remaining fraud claim on August 10, 2007. That order also granted Univest's request for sanctions, stating: "Plaintiffs are hereby sanctioned in an amount to be determined for filing of frivolous pleadings...." Univest subsequently nonsuited all remaining claims it had asserted against the plaintiffs and a cross-defendant, and requested a hearing on sanctions. A few months later, the trial court entered a final judgment in the severed action that, among other things, imposed $21,000 in sanctions against the "Law Offices of Robert D. Wilson." A notice of appeal on behalf of that named entity was filed; it was signed "Law Offices of Robert D. Wilson, P.C.," by Robert D. Wilson.

## ANALYSIS

Appellant's brief presents three issues. All of these issues relate to the trial court's jurisdiction to enter the sanctions order, though none contests the facts regarding the grounds for sanctions or the amount of the sanctions.

■■■ This Court reviews sanctions on an abuse of discretion standard only. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex.2007). However, appellant's argument rests on both the personal and subject matter jurisdiction of the trial court. Personal jurisdiction is a question of law, reviewed de novo. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex.2002). Appellant must nullify all jurisdictional bases of the trial court. *See id.* at 793. Subject matter jurisdiction is also a question of law, which we review de novo. *Metro. Transit Auth. v. Burks*, 79 S.W.3d 254, 256 (Tex.App.-Houston [14th Dist.] 2002, no pet.). We look to the plaintiff's claims made in good faith to decide whether the trial court had subject matter jurisdiction. *Id.*

### I.

■■■ Appellant's first issue asserts the trial court did not have plenary power over it in the severed action, cause number 219–02326–07. Appellant argues that the trial court lost plenary power over it thirty days after the trial court signed a final judgment in the initial suit because appellant was not a party to the severed suit.

■■■ A severance divides the underlying lawsuit into two or more separate and independent lawsuits. *Hall v. City of Austin*, 450 S.W.2d 836, 837–38 (Tex.1970). Each suit is distinct, resulting in separate, appealable final judgments. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 383 (Tex.1985). When signed, an order granting severance is immediate-

ly effective. *McRoberts v. Ryals*, 863 S.W.2d 450, 452–53 (Tex.1993).

■■■ The purpose of imposing sanctions under rule 13 for filing groundless pleadings is to deter similar conduct in the future and to compensate the aggrieved party for costs incurred in responding to the frivolous claims. *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596–97 (Tex.1996). The trial court's power to impose sanctions is limited to when it has plenary power. *Id.* at 596. The trial court retains plenary power for thirty days after the final judgment is signed. TEX.R. CIV. P. 329b(d). A nonsuit does not affect a motion for sanctions made after or pending at the time of dismissal, so long as the trial court's plenary power has not expired. *Crites v. Collins*, 284 S.W.3d 839, 842–43 (Tex.2009). The court's ability to impose sanctions for the filing of frivolous pleadings is not inhibited simply because the attorney is not representing the party when the sanctions are imposed. *Bloom v. Graham*, 825 S.W.2d 244, 248 (Tex.App.-Fort Worth 1992, writ denied).

Appellant's argument rests on the claim that appellant was not a party to the severed suit. However, the record indicates that on July 9, 2007, when the claims between plaintiffs and Univest were severed from the initial suit, Univest's motion for sanctions, which was made in its reply, was transferred to the severed cause 219–02326–07. The severance became effective immediately when the motion was granted and signed. *See McRoberts*, 863 S.W.2d at 452–53. Because the final judgment for these claims was not entered in the underlying cause before severance, and because the request for sanctions was transferred to the severed cause, the court maintained plenary power over the sanctions request until thirty days after a final judgment was signed for the severed cause. *See Scott & White*, 940 S.W.2d at 596.

In support of its argument, appellant argues that when it withdrew as plaintiffs' lead counsel, it became a third-party defendant in the underlying lawsuit. Additionally, appellant claims that because severance of the sanctions claim against it was not explicitly requested, that claim remained a part of the initial suit. It is clear from the record that the motion for sanctions was made against appellant in its capacity as plaintiffs' lead counsel, for signing and filing the frivolous pleadings. The fact that appellant was no longer serving as plaintiffs' lead counsel does not preclude the trial court from being able to issue sanctions. *See Bloom*, 825 S.W.2d at 248. Therefore, the severance of all claims between plaintiffs and Univest included Univest's request for sanctions. We resolve appellant's first issue against it.

## II.

Appellant's second issue asserts that res judicata prevented sanctions from being issued. Appellant argues that Univest could and should have raised the issue of sanctions in the initial cause, thus barring litigation of that issue in the severed cause.

Claims within the same cause of action that were or could have been litigated in a previous action are precluded from subsequent litigation by res judicata. *Van Dyke*, 697 S.W.2d at 384. Moreover, "res judicata effects of an action cannot preclude litigation of claims that a trial court explicitly separates or severs from that action." *Id.* The actions taken in the initial suit had no effect on the new cause, which had been severed by the trial court. *See id.* We resolve appellant's second issue against it.

## III.

Appellant's third issue asserts that the trial court's order is void because "The Law Offices of Robert D. Wilson" is a non-existent entity. The trial court was of the opinion that this entity did exist, and nothing in the record allows this Court to conclude as a matter of law that it does not. We resolve appellant's third issue against it.

We note that the issue of the correct identity of the plaintiffs' counsel was presented in the trial court. The trial court did not sanction Wilson's professional corporation (The Law Offices of Robert D. Wilson, P.C.). Univest's brief requests this court revise the judgment to name "The Law Offices of Robert D. Wilson, P.C." Even if the trial court sanctioned a non-existing entity, Univest did not file a notice of appeal. We cannot grant Univest's request. *See* Tex.R.App. P. 25.1(c) (party who seeks to alter trial court's judgment must file notice of appeal); *Lubbock County, Tex. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 584 (Tex.2002).

## CONCLUSION

Having rejected appellant's three issues, we affirm the order of the trial court.