

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

December 4, 2015

The Honorable Carol Alvarado
Chair, House Committee on Urban Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No.   KP-0044

Re: Whether section 142.056 of the Local Government Code limits the frequency of elections regarding the exclusive bargaining agent for municipal police (RQ-0029-KP)

Dear Representative Alvarado:

Chapter 142, subchapter B of the Local Government Code authorizes certain municipalities to negotiate with the exclusive bargaining agent of covered police officers pursuant to a "meet and confer" agreement. *See* TEX. LOC. GOV'T CODE §§ 142.051–.068. On behalf of Representative Chris Turner, you ask whether section 142.056 in subchapter B limits the frequency of elections regarding the exclusive bargaining agent for municipal police.[1]

The request letter provides the following facts. For several years, the Arlington Police Association (the "APA") has been the recognized exclusive representative of covered police officers of the City of Arlington (the "City") for meet-and-confer purposes. Supp. Request at 1. Recently, the Arlington Municipal Police Association (the "AMPA") submitted a petition to be recognized as the exclusive representative instead of the APA. *Id.* The city ordered an election pursuant to section 142.056, held in February 2015, to allow the affected police officers to decide if AMPA would become their new representative. *Id.* Because a majority of officers did not vote for the AMPA, the APA remains the exclusive representative for bargaining purposes. *Id.* at 1–2. The AMPA has now submitted a second petition to be recognized as the exclusive representative. *Id.* at 2. Although the election on the first petition was held earlier this year, the city is contemplating ordering an election on the second petition. *Id.* The request letter notes that section 142.056 does not state how often an election must be held in response to such petitions and therefore asks "whether [section] 142.056 should be interpreted to include a 12-month election bar rule" similar to statutes in the National Labor Relations Act (the "NLRA"). *Id.* (citing 29 U.S.C. § 159(c)(3)).

---

[1]*See* Letter from Honorable Carol Alvarado, Chair, House Comm. on Urban Affairs, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (June 16, 2015) and Letter from Honorable Chris Turner, Tex. House of Reps., to Honorable Ken Paxton, Tex. Att'y Gen. at 2 (June 16, 2015) ("Supp. Request"), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs; *see also* Letter from Honorable Robert Rivera, Arlington City Council, to Honorable Chris Turner (June 10, 2015) (on file with the Op. Comm) (collectively the "Request Letter").

Courts construe a statute in the context of the statutory scheme as a whole. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). Thus, we review chapter 142, subchapter B and its election provisions. Subchapter B allows certain municipalities to decide whether to recognize an association as the sole and exclusive bargaining agent of covered municipal police officers for negotiating certain terms and conditions of employment under a "meet and confer" agreement. *See* TEX. LOC. GOV'T CODE §§ 142.051–.068 (subchapter B). Under the subchapter, some issues may be decided by an election by the voting public of the municipality (a "municipal election") and some issues may be decided by an election by the affected police officers themselves, as discussed below. Initially, a particular association may seek recognition as the "sole and exclusive" municipal police officer bargaining agent by presenting the municipality with a petition signed by the majority of all of the police officers, excluding certain employees. *Id.* § 142.053(a). A municipal governing body receiving such a petition for recognition has three options. First, the governing body may grant recognition as its own decision, without calling for any election. *Id.* § 142.053(a)(1). Second, the governing body may defer recognition and call for a municipal election, so that the voting public may decide whether the municipality may meet and confer under subchapter B. *Id.* §§ 142.053(a)(2), .055(a)–(c) (providing for a municipal meet-and-confer election). Third, a governing body receiving such a petition may order a police officer election, referred to in the statute as a certification election, to determine whether the association represents a majority of the affected police officers. *Id.* §§ 142.053(a)(3), .054. The election may be held by agreement of the parties or may be conducted by the American Arbitration Association, with election costs to be borne by "the associations named in any petition." *Id.* § 142.054(a), (b), (d). If the association named in the petition receives a majority of the officers' votes, the governing body must either recognize the association as the sole and exclusive representative or call for a municipal election to decide whether the municipality may meet and confer under the subchapter. *Id.* §§ 142.053(b)(1), (2), .055.

Although a certification election "resolves the question concerning representation," *id.* § 142.054(c), police officers may seek to change the recognition of an association by filing "a petition signed by a majority of all covered officers." *Id.* § 142.056(a). In response to a petition for change, the governing body may either recognize the change or order a certification election to be held under section 142.054. *Id.* § 142.056(b)(1)–(2). Neither section 142.056 nor any other provision in subchapter B, however, suggests that a certification election precludes subsequent petitions for change or limits the number of certification elections that may be conducted within a given period of time. *Id.* §§ 142.051–.068.

By contrast, several provisions in subchapter B state that a public municipal election may bar subsequent elections or petitions for a period of time. Section 142.055 provides that whenever a municipal election has been held under the subchapter, no association may submit a subsequent petition for recognition "before the second anniversary of the date of the election." *Id.* § 142.055(f). Another provision states that when a governing body has granted recognition after a municipal election, the governing body must wait two years before it may order an election to repeal meet-and-confer authorization. *Id.* § 142.065(b). That provision states further that, when a municipal election to repeal meet-and-confer authority has been held, no association may submit another petition seeking recognition for two years after the election. *Id.* § 142.065(g). These provisions demonstrate that the Legislature knows how to give an election preclusive effect if it so chooses. "When the Legislature includes a right or remedy in one part of a code but omits it in

another that may be precisely what the Legislature intended." *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 84 (Tex. 2004) (stating further that courts "must honor that difference"). Because subchapter B provides for municipal elections to have preclusive effect, we must assume that the omission of a provision giving similar preclusive effect to certification elections was deliberate. *See id.*

The request letter asks, however, if subsection 142.056(b) might be construed as incorporating a federal "election bar rule." *See* Supp. Request at 2. The request letter notes that the NLRA provides that "[n]o election shall be directed in any bargaining unit or any subdivision within which in the preceding twelve-month period, a valid election shall have been held." 29 U.S.C. § 159(c)(3); *see* Supp. Request at 2. The request letter further notes that a Texas court has borrowed law from the NLRA in another context, applying a statute of limitations from the NLRA to a state labor-relations claim. *See* Supp. Request at 2 (citing *Diaz v. San Antonio Prof'l Fire Fighters Ass'n.*, 185 S.W.3d 37, 40 (Tex. App.—San Antonio 2005, no pet.)).

The representation provisions of the NLRA do not apply to Texas municipal employees. *City of Round Rock v. Rodriguez*, 399 S.W.3d 130, 136–37 (Tex. 2013) (citing 29 U.S.C. § 152(2)). Courts have, on occasion, looked to federal law to clarify a state statute "when a Texas statute and federal statute are animated in their common history, language, and purpose." *Id.* at 135 (quotation marks omitted). For example, courts have relied on federal law to determine the meaning of a word or phrase in a Texas labor-relations statute that has acquired a technical meaning. *See, e.g., Sayre v. Mullins*, 681 S.W.2d 25, 28 (Tex. 1984) ("condition of work"); *Lunsford v. City of Bryan*, 297 S.W.2d 115, 117 (Tex. 1957) ("membership"); *Dallas Indep. Sch. Dist. v. Am. Fed'n of State, Cnty. & Mun. Emp.*, 330 S.W.2d 702, 707 (Tex. Civ. App.—Dallas 1959, writ ref'd n.r.e.) ("representative"). And as the request letter notes, courts have applied an NLRA statute of limitations to a state cause of action when it will require a "review and interpretation of the pertinent labor agreement and [the cause of action] strongly resembles an unfair labor practices charge." *Flores v. Metro. Transit Auth.*, 964 S.W.2d 704, 707 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *see also Diaz*, 185 S.W.3d at 40.

But courts construe a Texas public labor relations statute, like any other statute, with a goal of discerning the Legislature's intent. *City of Round Rock*, 399 S.W.3d at 133. As the Texas Supreme Court recently noted, the Texas Legislature can and has made policy choices in Texas labor-relation statutes that differ from Congress's choices in the NLRA. *Id.* at 137 ("In Texas, . . . labor policy and regulation is determined exclusively by the Texas Legislature and the language of its legislative enactments."). Because chapter 142, subchapter B as a whole indicates that the Legislature chose not to give officer elections preclusive effect, section 142.056 of the Local Government Code cannot be construed as incorporating federal law to the contrary. *See id.* at 139 (refusing to incorporate representation rights under the NLRA when the state statute is silent on the issue). Accordingly, section 142.056 of the Local Government Code does not preclude subsequent petitions or certification elections for a period of time after an election is held under that section.

## S U M M A R Y

Section 142.056 of the Local Government Code does not preclude a police officers association from filing subsequent petitions for recognition as the exclusive bargaining agent or preclude holding certification elections for a period of time after an election is held under that section.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee