**Reverse and Remand and Opinion Filed May 26, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00068-CV**

**DASHINAU CATO, Appellant**
**V.**
**MICHELLE Y. SMITH-CATO, Appellee**

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-20-12340**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Miskel
Opinion by Justice Miskel

Dashinau Cato, Husband, appeals the trial court's entry of a default divorce decree. First, Husband asserts that the default judgment was void due to a lack of personal jurisdiction because no return of service was filed. Second, Husband argues that the trial court failed to appoint an attorney to defend the suit on his behalf after service by publication was requested. Third, he argues that the evidence was insufficient to support the trial court's division of the marital property.

We conclude that the trial court did not have personal jurisdiction over Husband and that the record could not support a default judgment. We reverse the

trial court's final decree of divorce and remand the case for further proceedings consistent with this opinion.

## I.    Procedural Background

Michelle Smith-Cato, Wife, filed a pro se petition for divorce and an amended petition, correcting her last name. In both her original and amended petitions for divorce, Wife stated "I cannot find my spouse. I ask that my spouse be served by posting or publication."

Wife filed a motion for citation by posting, a form of publication service, which was supported by an affidavit swearing that she had made a diligent attempt to locate Husband but had been unable to do so. Wife's affidavit filed with the motion swears that "no appreciable amount of property was accumulated during our marriage," but it also describes a house acquired during the marriage. No return of service was ever filed. The court did not appoint an attorney to defend the suit on behalf of Husband.

Wife filed an "Affidavit for Prove-Up of Default Divorce Without Children," which states, among other things, that Wife and Husband entered into an agreement concerning the division of their property and debts and that the agreement is fair and equitable to both, but which does not contain any evidence about any marital property or its value.

On November 20, 2020, without a hearing, an associate judge signed a default final decree of divorce.[1] The judgment states that "[Husband] was not present, but was served and has defaulted." Nothing in the record shows that the court inquired into the sufficiency of the diligence exercised in attempting to ascertain the whereabouts of Husband before granting judgment. The judgment also indicates that a statement of evidence was signed by the trial court, but nothing in the record indicates that a statement of evidence was filed. With respect to jurisdiction, the judgment states in part, "The Court heard evidence and finds that it has jurisdiction over this case and the parties, that the residency and notice requirements have been met, and the Petition for Divorce meets all legal requirements." Among other things, the decree awards Wife property including two cars and a house, and it does not list any values for the property being divided.

On August 25, 2021, Husband filed a "Motion to Set Aside Default Judgment After Service by Publication," requesting the trial court to set aside the default judgment and grant a new trial. He argued the trial court should grant a new trial for several reasons, including that service was "improperly effected by publication," the trial court failed to appoint an attorney as required by Texas Rule of Civil Procedure 244, the trial court did not approve or sign a statement of evidence under that rule,

---

[1] The default judgment in this case was signed during the Texas Supreme Court's COVID-19 emergency orders, which in some circumstances authorized courts to take evidence by affidavit. Supreme Court of Texas, *Twenty-Ninth Emergency Order Regarding COVID-19 State of Disaster*, Misc. Docket No. 20-9135, 629 S.W.3d 863, 864 para. 3(d) (Tex. Nov. 11, 2020). The discussion of whether a default judgment can be supported by affidavit is outside the scope of this opinion.

there was insufficient evidence to support the trial court's judgment, and Wife procured service by publication and the default judgment by fraud. Wife responded that Husband would not provide her with his address and stated that the divorce decree was a fair and equitable division of the property. Her response does not allege that Husband was ever served with the suit. On November 19, 2021, the trial court signed an order denying Husband's motion to set aside the default judgment, and Husband filed a notice of appeal the same day.

## II.    Appellate Jurisdiction

Where a judgment has been rendered on service of process by publication, the trial court may grant a motion for new trial filed within two years after the judgment was signed. TEX. R. CIV. P. 329(a). Husband's motion for new trial was filed on August 25, 2021, less than a year after the default judgment was signed. Both parties agreed that Husband's motion for new trial was timely under Rule 329(a), and neither party contested appellate jurisdiction in this case.

When process has been served by publication, the relevant time periods run from the filing of the motion for new trial. TEX. R. CIV. P. 306a(7). Husband had 90 days to file a notice of appeal after filing his motion for new trial, so his notice of appeal was due November 23, 2021. *See* TEX. R. APP. P. 26.1(a). We conclude that his notice of appeal was timely filed on November 19, 2021.

## III. Standard of Review and Applicable Law

Trial courts lack jurisdiction over a defendant who was not properly served with process. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020). A complete failure of service deprives a litigant of due process and a trial court of personal jurisdiction; the resulting judgment is void and may be challenged at any time. *In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012). Personal jurisdiction is a question of law, which appellate courts review de novo. *Law Off. of Robert D. Wilson v. Tex. Univest-Frisco, Ltd.*, 291 S.W.3d 110, 113 (Tex. App.—Dallas 2009, no pet.).

Because the motion for new trial and notice of appeal in this case were timely filed, this is a direct attack on the default judgment. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271–272 (Tex. 2012). For more than 150 years, the Texas Supreme Court has required that strict compliance with the rules of service of citation affirmatively appear in the record for a default judgment to withstand direct attack. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965); *Flynt v. Kingsville*, 82 S.W.2d 934, 934 (1935); *Sloan v. Batte*, 46 Tex. 215, 216 (1876); and *Roberts v. Stockslager*, 4 Tex. 307, 309 (1849)). No-answer default judgments are disfavored and cannot stand when a defendant was not served in "strict" compliance with applicable requirements. *Spanton*, 612 S.W.3d at 316. There are no presumptions in favor of valid issuance, service, or return of

citation. *Id*.; *Primate Constr.*, 884 S.W.2d at 152. The party requesting service bears the responsibility for ensuring that service is properly accomplished and reflected in the record. *Primate Constr.*, 884 S.W.2d at 153.

### IV. The Default Judgment Was Void Because the Court Lacked Personal Jurisdiction Over Husband, Who Had Not Been Served

In his first issue on appeal, Husband argues that the default judgment was void for lack of personal jurisdiction because there is no evidence that Wife served him with citation. Although Wife pleaded for service by posting, the record does not contain any return of service. Wife's affidavit filed in advance of the default trial also does not include any evidence of whether or how Husband was served. No default trial was held, so there is no evidence in a reporter's record regarding service.

### A. *Service by Publication and Posting in Divorce Cases*

Section 6.409(a) of the Texas Family Code provides that "[c]itation in a suit for dissolution of a marriage may be by publication as in other civil cases," and tailors the publication requirements for divorce cases. If no minor children are involved, publication service may be completed by posting the citation at the courthouse door for seven days. TEX. FAM. CODE § 6.409(d). Thus, in divorce cases, service by posting is permitted as a form of publication service. Further, if the petitioner swears that there is no minor child and no appreciable amount of property, the court may dispense with the appointment of an attorney ad litem. TEX. FAM. CODE § 6.409(e); *cf*. TEX. R. CIV. P. 244. In divorce suits where citation was by

–6–

publication, a statement of the evidence, approved and signed by the judge, must be filed as part of the record. TEX. FAM. CODE § 6.409(e); *see also* TEX. R. CIV. P. 244.

Since the Family Code provides that citation in a divorce suit may be by publication *as in other civil cases*, Rule 110 clarifies that the rest of the civil rules relating to service still apply. *See* TEX. FAM. CODE § 6.409(a); TEX. R. CIV. P. 110; *see also Jones v. Jones*, No. 09-06-238 CV, 2007 WL 2324039, at *2 (Tex. App.—Beaumont Aug. 16, 2007, no pet.) (mem. op.) (finding that the phrase "as in other civil cases," in section 6.409(a) of the Texas Family Code also requires consideration of Rule 244); *In re Marriage of Serbin*, No. 07-18-00349-CV, 2020 WL 856340, at *2 (Tex. App.—Amarillo Feb. 20, 2020, no pet.) (mem. op.) (same).

For all forms of service, the rules require:

- The officer or authorized person executing the citation must complete a return of service. TEX. R. CIV. P. 107(a).

- The return of service must be filed with the court. TEX. R. CIV. P. 107(g).

- The court must not grant a default judgment until proof of service has been on file with the clerk for ten days. TEX. R. CIV. P. 107(h).

Additionally, for publication service:

- The court has a duty to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of

the defendant before granting any judgment on publication service. TEX. R. CIV. P. 109.

- Where service has been made by publication, and no answer or appearance has been made, the court must appoint an attorney to defend the suit on behalf of the respondent. TEX. R. CIV. P. 244.

- A statement of the evidence, approved and signed by the judge, must be filed as part of the record. *Id*.; TEX. FAM. CODE § 6.409(e).

In this case, the record does not reflect that any of these mandatory requirements occurred.

**B.** ***The Trial Court Did Not Have Personal Jurisdiction Over Husband Because the Record Does Not Contain Proof of Service***

No one has asserted, and we do not find that the record contains any showing, that a return of service was filed with the trial court as required by Rule 107. As the party requesting service of process, Wife had the responsibility to ensure that a return of service was filed with the trial court. *See Primate Constr.*, 884 S.W.2d at 153. The trial court was prohibited from rendering a default judgment against Husband where a return of service had not been on file with the clerk of the court for ten days. TEX. R. CIV. P. 107(h). Without proof of service, we cannot presume that service was valid. *See Spanton*, 612 S.W.3d at 316; *Primate Constr.*, 884 S.W.2d at 152.

When the record fails to show strict compliance with the rules of civil procedure, the attempted service of process is invalid and of no effect. *See Spanton*, 612 S.W.3d at 317; *Uvalde Country Club*, 690 S.W.2d at 885; *In re J.M.H*, No. 12-

–8–

21-00063-CV, 2022 WL 868713, at *2 (Tex. App.—Tyler March 23, 2022, no pet.) (mem. op.) (reversing default judgment where record contained no evidence of proper citation or return of service); *Ming Zhe Inc. v. Alvarado*, No. 13-19-00532-CV, 2020 WL 6878733, at *2 (Tex. App.—Corpus Christi-Edinburg November 24, 2020, no pet.) (mem. op.) (reversing default judgment where record contained a citation but no completed return of service).

The record does not show that Husband was served. As a result, the trial court did not have personal jurisdiction over Husband, and the final decree of divorce is void. The trial court acted without reference to guiding rules and principles when it granted a default judgment against a respondent who had not been served. Accordingly, we conclude the trial court erred when it entered the default decree of divorce and when it denied Husband's motion to set aside the default judgment.

Husband's first issue is sustained. Based on our resolution of this issue, we need not address Husband's remaining issues.

## V.    Conclusion

The trial court erred when it entered a default judgment, because the trial court lacked personal jurisdiction over Husband. We reverse the trial court's final decree of divorce and remand the case for further proceedings consistent with this opinion.

220068f.p05

/Emily Miskel/
_____
EMILY MISKEL
JUSTICE

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DASHINAU CATO, Appellant

No. 05-22-00068-CV          V.

MICHELLE Y. SMITH-CATO,
Appellee

On Appeal from the 302nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-20-12340.
Opinion delivered by Justice Miskel.
Justices Carlyle and Garcia
participating.

In accordance with this Court's opinion of this date, the trial court's final decree of divorce is **REVERSED**, and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant DASHINAU CATO recover his costs of this appeal from appellee MICHELLE Y. SMITH-CATO.

Judgment entered this 26th day of May 2023.